NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007[*]
Decided April 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3568

| | |
|---|---|
| JENNIFER J. LEICHENAUER and WILLIAM H. BAILEY, *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-1047 |
| TAZEWELL COUNTY, *et al.,* *Defendants-Appellees.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Jennifer Leichenauer, the mother of Abagail, Jordanna, and Faith Leichenauer, all minors, and Jordanna's father, William Bailey, sued the county of Tazewell, Illinois, and a number of individuals involved in the removal of the

---

[*] Defendants Cheryl Penman and Linda Bridgemon were not served with process in the district court. Accordingly, they are not parties to this appeal. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

children from the couple's custody. The plaintiffs claimed that the defendants violated their civil rights and committed various state-law torts in the course of falsely accusing them of neglect, filing a baseless shelter care petition against them, and invoking state-court process to remove the children from their custody, and deprive them of unsupervised visitation. The couple also brought claims on behalf of the three children relating to abuse they allegedly suffered while in the custody of the Illinois Department of Child and Family Services ("IDCFS") and foster care. However, the guardian ad litem appointed for the children concluded after an investigation that no colorable claims could be asserted on the children's behalf, and the district court dismissed the children's claims. The district court ultimately granted the defendants' motions to dismiss, concluding that it lacked jurisdiction under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and that, insofar as the state-court litigation over custody was ongoing, it should abstain under *Younger v. Harris,* 401 U.S. 37 (1971).

Leichenauer and Bailey's *pro se* appellate brief contains only assertions of misconduct on the part of IDCFS employees; the plaintiffs do not challenge, or even mention, the district court's decisions on jurisdiction and abstention—the only grounds for the dismissal. They have not even supplied a copy of the district court's order dismissing their complaint. *See* Fed. R. App. P. 30(a)(c); Cir. R. 30(a). Although we afford *pro se* filings some leeway, here, we have nothing to review because Leichenauer and Bailey have not pointed to any legal or factual error in the district court's decision. *See Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 555 (7th Cir. 2004) (holding that plaintiff waived challenge to district court's conclusion that it lacked subject-matter jurisdiction by failing to discuss it on appeal). Federal Rule of Appellate Procedure 28(a)(9)(A) requires the appellant's brief to set forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We will not search the record and raise arguments on behalf on the appellants. *See Stein v. Ashcroft*, 284 F.3d 721, 725 (7th Cir. 2002); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Accordingly, we DISMISS the appeal.